**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4413

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARINE ANTRELLE LEE, a/k/a Trelly Trell,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Bruce H. Hendricks, District Judge.  (8:19-cr-00764-BHH-1)

Submitted:  June 17, 2025                    Decided:  July 31, 2025

Before WILKINSON and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished per curiam opinion.  Judge Wilkinson dissents.

**ON BRIEF:** Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Bryan P. Stirling, United States Attorney, Carrie Fisher Sherard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Marine Antrelle Lee's supervised release based on hearsay statements from a person whom Lee allegedly assaulted. Lee appeals, contending that the district court abused its discretion in admitting the hearsay evidence. Lee also claims that the error was prejudicial because, without the victim's hearsay statements, there was not enough evidence to support the alleged supervision violation. As we explain below, we agree with Lee and, thus, vacate and remand.

"We review a district court's evidentiary decisions in a supervised release revocation hearing for abuse of discretion." *United States v. Williams*, 134 F.4th 134, 138 (4th Cir. 2025) (internal quotation marks omitted). Under Fed. R. Crim. P. 32.1(b)(2)(C), "a person facing revocation must be given an opportunity to question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." *Id.* at 139 (cleaned up). When seeking to admit statements from an absent adverse witness, the Government must "provid[e] a sufficient explanation for not producing the declarant by making at least some showing of good cause for why the relevant witness is unavailable." *Id.* (internal quotation marks omitted). If the Government fails to do so, then the proposed hearsay evidence is inadmissible. *Id.* If, on the other hand, the Government establishes good cause, then the district court decides whether to admit the evidence by balancing the Government's explanation against "the releasee's interest in confronting [the] adverse witness." *United States v. Wheeler*, 130 F.4th 406, 417 (4th Cir. 2025) (internal quotation marks omitted).

2

The victim in this case claimed that, while he was arguing with Lee's brother, Lee approached the victim from behind and hit him on the head with a beer bottle. Physical evidence—including beer bottle fragments and the victim's bloody headwound—substantiated the victim's claim that he had been assaulted. But Lee denied that he was the assailant. According to Lee's girlfriend, the fight was only between Lee's brother and the victim. And though Lee had intervened, he did so only to separate the two men.

Tyson McKevie, an officer of the Edgefield County Police Department, was dispatched to the scene. As he arrived, McKevie saw Lee, his girlfriend, and his brother leaving the area. The following day, McKevie spoke with the victim, who provided oral and written statements accusing Lee of assaulting him with a beer bottle.

Two days prior to the revocation hearing, local law enforcement served the victim with a subpoena to appear at the federal courthouse in Greenville, South Carolina, which, according to McKevie, was about two-and-a-half hours from where the victim lived. Because the victim did not have his own means of transportation, McKevie told the Assistant United States Attorney (AUSA) that they "would probably have to arrange for transportation for him." (J.A.[1] 88). According to the Government, the AUSA "had arranged with ATF[2] to pick up the victim if needed." (Appellee's Br. at 6-7). But, for reasons unclear from the record, this plan never came to fruition, and the victim did not appear for the hearing.

---

[1] Citations to "J.A." refer to the joint appendix filed in this appeal.

[2] Bureau of Alcohol, Tobacco, Firearms and Explosives.

3

Nevertheless, the district court permitted the Government to introduce the victim's hearsay statements. In reaching this decision, the court noted that the Government had made a great effort, initially to no avail, to locate and serve the victim. The court also commended McKevie for offering to transport the victim, though McKevie's supervisor ultimately denied his request to do so. In the court's view, the Government provided a satisfactory explanation for not producing the victim.

We cannot agree. By her own admission, the AUSA had arranged with the ATF to transport the victim. As of two days prior to the hearing, the Government knew where the victim was. And where, as here, "'the witness is located within the same state as the revocation hearing,' . . . 'procuring live testimony generally does not impose an inordinate burden on the government.'" *Wheeler*, 130 F.4th at 418 (quoting *United States v. Sutton*, 916 F.3d 1134, 1139 (8th Cir. 2019)).

To be sure, we appreciate that the Government initially encountered some difficulty locating the victim. But this does not explain why the Government could not secure the victim's attendance once he was found within the judicial district. Absent some explanation, we must conclude that the district court abused its discretion in finding that the Government had demonstrated good cause.[3]

---

[3] For its part, the Government contends that the victim's failure to attend the hearing evinced his intention not to comply with the subpoena. And at the hearing, the Government insisted that it had "tried everything that [it] possibly could [have], outside of . . . kidnapping the victim and bringing him" to the courthouse. (J.A. 32).

But a fair reading of the record does not establish that the victim was noncooperative. If anything, it shows that he simply lacked the means to travel two-and-

Even so, we may affirm if we deem the error harmless. *Wheeler*, 130 F.4th at 419. In the context of a revocation hearing, "an error in admitting hearsay evidence can be harmless if the error had no substantial and injurious effect or influence on the outcome." *Id.* (internal quotation marks omitted).

In *Wheeler*, we vacated a revocation judgment based on a Rule 32.1(b)(2)(C) error, concluding that, "[w]ithout [the alleged victim's] statements, there would have been nothing to suggest Appellant assaulted her." *Id.* Similarly, here, the only evidence identifying Lee as the victim's assailant were the victim's oral and written statements. Without those statements, the Government's evidence showed only that the victim was injured and that Lee, his girlfriend, and his brother were leaving the area as McKevie arrived. As in *Wheeler*, this evidence supports the *possibility* that Lee assaulted the victim but "could not have satisfied the *preponderance* standard." *Id.* at 420.

Accordingly, "we vacate the district court's judgment on the revocation of supervised release and remand with instructions for the district court to dismiss the Revocation Petition." *Id.* We deny as moot Lee's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*[4]

---

a-half hours away from home. And contrary to the Government's suggestion, we fail to see how seeking enforcement of a lawful subpoena is tantamount to kidnapping.

[4] Judge Wilkinson dissents and would affirm the district court's judgment.

5